SARINA SALUJA, SBN 253781
E-Mail  ssaluja@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Plaintiff Fidelity Brokerage Services LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAMES BURI and MORGAN STANLEY SMITH BARNEY LLC, <br><br> Defendants. | Case No: 8:18-cv-02246-JVS-ADS <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> *[Submitted with Memorandum of Points and Authorities, Declarations of Stephen Jennings, Gerard Kinzel and Sarina Saluja, and [Proposed] Order]* <br><br> Complaint Filed:   December 19, 2018 <br> Trial Date:     None Set |

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION

FPDOCS 34835667.1

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

Please take notice that Plaintiff Fidelity Brokerage Services LLC ("Fidelity") hereby applies *ex parte* for a Temporary Restraining Order ("TRO") and Order to Show Cause Re: Preliminary Injunction as more fully set forth herein against Defendants James Buri ("Buri") and Morgan Stanley Smith Barney LLC ("Morgan Stanley") (collectively referred to as "Defendants").  Plaintiff respectfully requests that the Court grant the requested TRO because Plaintiff will suffer irreparable injury if Defendants are not restrained and enjoined.

With this Application, Plaintiff presents undeniable evidence that Defendants are impermissibly retaining and *using* Fidelity's most valuable trade secret client information following Buri's voluntary resignation from Fidelity and acceptance of employment with Morgan Stanley.

Specifically, since Buri's resignation from Fidelity and commencement of employment with Morgan Stanley, Defendants improperly, and without regard to the rights of Fidelity and its customers, used and continue to use Fidelity's trade secret customer information to target, solicit, and attempt to divert Fidelity's customers to Morgan Stanley, by sending a detailed solicitation mailing to Fidelity customers and clients not only stating that Buri was "extremely pleased" to announce that he had joined Morgan Stanley, but going much further and asserting that:

- Morgan Stanley is "one of the leaders in the financial services industry"
- [Buri]had determined "after careful consideration" that he could "most effectively assist [client] in meeting your investment goals and objectives through Morgan Stanley."
- "Morgan Stanley is committed to providing investors with the finest financial advice, products and services."
- "Working together we will be able to draw upon the firm's vast network of knowledgeable professionals to help us map out your individual investment strategy."

1

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

- "As a Morgan Stanley client [client] will benefit from the resources and support of a global firm."

*See* Kinzel Decl. ¶ 16 & Ex. I.  Finally, after extolling the benefits and virtues of Morgan Stanley in his letter to clients, Buri then expressly entreated them to do business with him stating "I appreciate the confidence you have placed in me and look forward to furthering our successful relationship."  *Id.* (emphasis added).  In addition, numerous clients have reported that Buri is calling them and one customer reported that during the call "he was invited to continue working with Buri going forward." Kinzel Decl. ¶ 15.

Customers have also expressed concern that Buri has taken their confidential personal information to another firm without their knowledge or permission. Specifically, a client formerly serviced by Buri contacted the branch manager to report his concerns stating:  "I thought you might like to know that my former VPFC has mailed and phoned me from his new position at Morgan Stanley. He must have taken his Fidelity client list/contact information when he left."  Kinzel Decl. ¶ 18.

Fidelity seeks an immediate TRO to enjoin Defendants from using its trade secret information to solicit Fidelity customers, disclosing, and continuing to possess for any purpose, any trade secret records, documents and/or information of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses, and confidential financial information of any customers Mr. Buri serviced during his employment with Fidelity or otherwise learned of though his employment with Fidelity.  Fidelity will be irreparably harmed if Buri continues to use its trade secret customer list and his knowledge of Fidelity's trade secret customer information to solicit Fidelity customers.

Specifically, Fidelity respectfully requests the following injunctive relief:

2

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION

1.     An <u>Order to Show Cause</u> why a preliminary injunction should not be granted directing Defendants to appear before this Court, on a date and time specified by the Court, to show cause why Defendants should not during the pendency of this action be subject to a preliminary injunction:

a.     Enjoining Defendants from directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Morgan Stanley, from:

i.     Using Fidelity's trade secret customer information to solicit or induce, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Defendant Buri served or whose name he learned of through his employment with Fidelity; and

ii.     Using, disclosing, transmitting or continuing to possess for any purpose, the information contained in the records of Fidelity regarding those Fidelity customers whom Defendant Buri served or whose names became known to him while in the employ of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses, and confidential financial information of those customers

b.     Ordering Defendants, and anyone acting in concert with them, to return to Fidelity any and all records, information and/or documents in any form, received or removed from Fidelity by Defendant Buri containing information pertaining to customers or prospective customers of Fidelity whom Defendant served or whose name became known to him while in the employ of Fidelity, within five (5) days from the entry of this Court's Order, including any and all copies. This requirement includes all records, information or documents, in any form, created by Defendant based on documents or information that was received or removed from Fidelity by Defendant, and specifically includes any Fidelity

3

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION

customer information that may have been created or recreated by Defendant from memory or by using memory to look up customer names in public sources, or derived from a list created or recreated by Defendant from memory. Notwithstanding the foregoing, if any records, documents or information to be returned and purged pursuant to this paragraph exist in electronic form (hereinafter "Electronically Stored Information" or "ESI"), such ESI shall immediately be preserved in a forensically sound manner prior to any purge or return, and Defendants or their counsel shall coordinate with Plaintiff's counsel to arrange for return and purging of such ESI within five (5) days;

2.     A Temporary Restraining Order, ordering Defendants, pending the hearing to be set by the Court for an Order to Show Cause re: Preliminary Injunction, to:

a.     Enjoining Defendants from directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Morgan Stanley, from:

i.     Using Fidelity's trade secret customer information to solicit or induce, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Defendant Buri served or whose name he learned of through his employment with Fidelity; and

ii.     Using, disclosing, transmitting or continuing to possess for any purpose, the information contained in the records of Fidelity regarding those Fidelity customers whom Defendant Buri served or whose names became known to him while in the employ of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses, and confidential financial information of those customers

b.     Ordering Defendants, and anyone acting in concert with them,

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

FPDOCS 34835667.1

to return, no later than within five (5) days from the entry of this Court's Order, to Fidelity's legal counsel, Fisher & Phillips LLP, located at 444 S. Flower Street, Suite 1500, Los Angeles, California 90071, any and all records, information and/or documents in any form, received or removed from Fidelity by Defendant Buri containing information pertaining to customers or prospective customers of Fidelity whom Defendant served or whose name became known to him while in the employ of Fidelity, including any and all copies.  This requirement includes all records, information or documents, in any form, created by Defendant based on documents or information that was received or removed from Fidelity by Defendant, and specifically includes any Fidelity customer information that may have been created or recreated by Defendant from memory or by using memory to look up customer names in public sources, or derived from a list created or recreated by Defendant from memory.  Notwithstanding the foregoing, and consistent with the requirements of paragraph c below, if any records, documents or information to be returned and purged pursuant to this paragraph exist in electronic form (hereinafter "Electronically Stored Information" or "ESI"), such ESI shall immediately be preserved in a forensically sound manner prior to any purge or return, and Defendants or their counsel shall coordinate with Plaintiff's counsel to arrange for return and purging of such ESI within five (5) days.

       c.      That the Court's shall remain in full force and effect until such time as this Court specifically orders otherwise or until a duly appointed panel of arbitrators orders otherwise after a full hearing on the merits pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure ("Rule 13804").  The parties shall proceed toward an expedited arbitration hearing pursuant to Rule 13804 before a duly appointed panel of arbitrators in accordance with Rule 13804.

---

5

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

FPDOCS 34835667.1

This Application is based on Rule 65 of the Federal Rules of Civil Procedure, the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, other legal duties under California law, as set forth in detail in the accompanying Memorandum of Points and Authorities and Declarations in support of the Application, the Complaint, and such oral and documentary evidence and argument as may be presented before or at any hearing on this Application for TRO.

Additionally, all parties are subject to the arbitration rules and regulations of the Financial Industry Regulatory Authority ("FINRA"). FINRA Rule 13200. Accordingly, concurrently with filing of this Motion for TRO, Fidelity also is filing a Statement of Claim with FINRA seeking binding arbitration of this dispute pursuant to Rule 13804(a)(2). Although the merits of this case will be resolved in arbitration before FINRA, pursuant to FINRA Rule 13804, Fidelity is required to seek and obtain immediate injunctive relief in a court of competent jurisdiction before an expedited FINRA arbitration is permitted to proceed. Once a TRO is issued by this Court, expedited arbitration hearings will be scheduled by FINRA within fifteen (15) days of the entry of the TRO. If no TRO is issued, however, this case cannot be heard by FINRA on an expedited basis and, instead, will be assigned to a standard-track arbitration, which could delay a hearing on the merits for a year or more. Immediate injunctive relief in the form of a temporary restraining order and/or preliminary injunction is therefore requested to preserve the *status quo* until an expedited arbitration hearing before FINRA can occur.

///

///

///

///

///

6

PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1
2
3
4
5
6

   As set forth in the Declaration of Sarina Saluja, filed in support of this Application, Plaintiff, through its counsel, emailed a copy of this Application and all documents concurrently filed in support thereof to (a) Defendant Buri's counsel's email address through which Fidelity previously communicated regarding Buri, and (b) Morgan Stanley's corporate counsel at their known email addresses.

7

8   Dated:  December 19, 2018                    Respectfully submitted,

9                                                FISHER & PHILLIPS LLP

10

11                                  By:   */s/ Sarina Saluja*
12                                        SARINA SALUJA
                                          Attorneys for Plaintiff
13                                        Plaintiff Fidelity Brokerage Services LLC

14
15
16
17
18
19
20
21
22
23
24
25
26
27

                                        7
28
PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ODER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION