SARINA SALUJA, SBN 253781
E-Mail  ssaluja@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Plaintiff Fidelity Brokerage Services LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES BURI and MORGAN STANLEY SMITH BARNEY LLC,<br><br>            Defendants. | Case No: 8:18-cv-02246-JVS-ADS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>*[Submitted with Notice and Application of TRO, Memorandum of Points and Authorities, and Declarations of Stephen Jennings, Gerard Kinzel and Sarina Saluja]*<br><br>Complaint Filed:   December 19, 2018<br>Trial Date:       None Set |

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

FPDOCS 34836478.1

[PROPOSED] ORDER

This Court, having read and considered the Complaint on file in this action by Fidelity Brokerage Services LLC ("Fidelity"), Fidelity's Motion for a Temporary Restraining Order, Fidelity's Memorandum of Law in support thereof, the Affidavits filed in support thereof, Defendants' Opposition (if any), and being fully advised of the premises, and good cause appearing therefore, hereby finds and orders as follows:

1. Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendants James Buri and Morgan Stanley ("Defendants");

2. Fidelity will suffer irreparable harm if Defendants are permitted to continue to misappropriate and misuse Fidelity's trade secret customer information;

4. Fidelity has no adequate remedy at law;

5. Greater injury will be inflicted upon Fidelity by denial of the temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief;

6. The issuance of injunctive relief will serve the public interest in the protection of trade secret information and confidential information, the enforcement of valid contracts, and safeguarding Fidelity's customers' personal and account information; and

7. Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Fidelity is required to seek interim injunctive relief in a court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

For those reasons, IT IS HEREBY ORDERED THAT:

1. Defendants are hereby enjoined, directly or indirectly, and whether

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

FPDOCS 34836478.1

alone or in concert with others, including any officer, agent, employee and/or representative of Morgan Stanley, from:

    A.    Using Fidelity's trade secret customer information to solicit or induce, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Defendant Buri served or whose name he learned of through his employment with Fidelity; and

    B.    Using, disclosing, transmitting or continuing to possess for any purpose, the information contained in the records of Fidelity regarding those Fidelity customers whom Defendant Buri served or whose names became known to him while in the employ of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses, and confidential financial information of those customers.

2.    It is further ordered that Defendants, and anyone acting in concert with them, are to return to Fidelity any and all records, information and/or documents in any form, received or removed from Fidelity by Defendant Buri containing information pertaining to customers or prospective customers of Fidelity whom Defendant served or whose name became known to him while in the employ of Fidelity, within five (5) days from the entry of this Court's Order, including any and all copies. This requirement includes all records, information or documents, in any form, created by Defendant based on documents or information that was received or removed from Fidelity by Defendant, and specifically includes any Fidelity customer information that may have been created or recreated by Defendant from memory or by using memory to look up customer names in public sources, or derived from a list created or recreated by Defendant from memory. Notwithstanding the foregoing, if any records, documents or information to be

returned and purged pursuant to this paragraph exist in electronic form (hereinafter "Electronically Stored Information" or "ESI"), such ESI shall immediately be preserved in a forensically sound manner prior to any purge or return, and Defendants or their counsel shall coordinate with Plaintiff's counsel to arrange for return and purging of such ESI within five (5) days.

3. This Order shall remain in full force and effect until such time as this Court specifically orders otherwise or until a duly appointed panel of arbitrators orders otherwise after a full hearing on the merits pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure ("Rule 13804"). The parties shall immediately proceed toward an expedited arbitration hearing pursuant to Rule 13804 before a duly appointed panel of arbitrators in accordance with Rule 13804.

4. This Order is effective immediately and does not require the posting of an injunction bond. Alternatively: This Order is effective immediately and requires the posting of an injunction bond in the amount of $_____.

**IT IS SO ORDERED.**

DATE:_____               _____
                                    THE HONORABLE JAMES V. SELNA
                                    UNITED STATES DISTRICT JUDGE

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION

FPDOCS 34836478.1