FISHER PHILLIPS LLP
Sarina Saluja (SBN 253781)
444 South Flower Street
Suite 1500
Los Angeles, California 90071
Telephone:  (213) 330-4500
Facsimile:(213) 330-4501
Email: ssaluja@fisherphillips.com

Attorneys for Plaintiff Fidelity Brokerage Services LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | CASE NO. 8:18-cv-02246-JVS-ADS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| JAMES BURI and MORGAN STANLEY SMITH BARNEY LLC, | |
| Defendants. | Complaint Filed:  December 19, 2018 |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that pursuant to Fed. Rule Civ. Proc. 26(d)(1) and Civil Local Rules 7-5, to be heard in connection with Plaintiff's Ex Parte Application for an Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction filed on December 19, 2019 (Docket Document No. 7) or as soon thereafter as the matter may be heard in the United States District Court, Central District of California, Southern Division, located at 411 West 4th Street, Santa Ana, CA 92701, before the Honorable James Selna, in Courtroom 10C, Plaintiffs will and hereby do move this Court for entry of an Order granting expedited discovery.

Fidelity moves this Court for such an order because: (1) it is being sought in aid of a preliminary injunction hearing; (2) it is limited and reasonable in scope and therefore not unduly burdensome to any party; (3) Fidelity seeks expedited discovery only to determine the extent and precise nature of Defendants' use and disclosure of Fidelity's confidential information and trade secrets to solicit Fidelity's customers; (4) the request is made no earlier than necessary for use at the upcoming hearing; and (5) it will enhance the efficiency of the preliminary injunction hearing by allowing the parties to prepare a streamlined presentation of evidence.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, any evidence on file with the Court and/or may be presented in support of the motion during the hearing, and on such other written and oral argument presented to the Court.

Dated:  December 19, 2018

Respectfully submitted,

FISHER & PHILLIPS LLP

By:   */s/ Sarina Saluja*
SARINA SALUJA
Attorneys for Plaintiff
Plaintiff Fidelity Brokerage Services LLC

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Fidelity Brokerage Services LLC ("Fidelity" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion for leave to conduct expedited discovery in aid of the preliminary injunction hearing. For the reasons explained below, expedited discovery should be granted in this case.[1] Defendant James Buri ("Buri") violated his legal duties to Fidelity by using trade secret customer information to facilitate his solicitation of multiple Fidelity clients. Moreover, good cause exists to permit expedited discovery so that Fidelity can gather critical and necessary evidence for the preliminary injunction hearing to show that the Defendants have retained, re-created, disclosed and/or used Fidelity trade secret customer information for the purpose of soliciting Fidelity's clients.

Fidelity's request for expedited discovery is tailored to discover the full scope of trade secret information Buri has in his possession, how he obtained, used, or shared that information, and to identify the Fidelity clients Buri has improperly solicited on behalf of Morgan Stanley. Although Fidelity's investigation has revealed that Buri is using such information, evidence as to the full scope and nature of its use, and as to it disclosure to Morgan Stanley or others, is not in Fidelity's possession. This limited discovery will enable Fidelity to prosecute its claims against Buri in support of its request for a preliminary injunction and develop a more complete evidentiary record that will better enable the Court to evaluate the parties' positions and respective likelihood of success on the merits.

---

[1] The facts and evidence supporting this motion are identical to those set forth in detail in Fidelity's Memorandum of Points and Authorities in Support of Fidelity's Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. The facts and declarations cited in Fidelity's Memorandum of Points and Authorities in Support of Fidelity's Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction are incorporated by reference.

I.      **CASE SUMMARY**

This is an action seeking a temporary restraining order and preliminary injunction to preserve the status quo pending the outcome of arbitration to be held in the FINRA Dispute Resolution, Inc. arbitration forum, in which all parties have agreed to arbitrate the merits of this dispute. Defendant Buri is a former Fidelity Financial Consultant who was legally bound not to remove or use Fidelity's trade secret client information, and specifically not to solicit Fidelity clients through the use of Fidelity trade secret information.  Defendant Morgan Stanley Smith Barney LLC ("Morgan Stanley") is Buri's new employer, and is aiding, sponsoring and encouraging Buri to breach his legal obligations and is tortiously interfering with his contractual obligations owed to Fidelity. Fidelity seeks expedited discovery to enable the parties to develop an evidentiary record that will better enable the Court to evaluate the parties' positions and likelihood of success on the merits.

As is set forth in detail in Fidelity's Complaint and accompanying Affidavit, Fidelity's Motion and Memorandum of Points and Authorities in Support of Fidelity's Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, Defendant Buri's conduct strongly suggests that he has violated, and is continuing to violate both California law and his legal duties to Fidelity by using and disclosing confidential and trade secret information that he gained access to and knowledge of while employed with Fidelity.  Indeed, the evidence available to date further indicates that the Defendants have, and are continuing to, use that information to solicit and induce Fidelity's clients to transfer their accounts to Morgan Stanley.  This conduct violates Fidelity's rights under both California trade secrets law, and under Buri's contracts with Fidelity.

In order to prepare the record for the preliminary injunction hearing, Fidelity needs an opportunity to determine exactly what confidential information Defendant Buri has taken, misused, and disclosed to Morgan Stanley. This is particularly necessary

1  in this case as only the Defendants know exactly what Fidelity customer information
2  they have in their possession, who Buri has disclosed it to, and how Defendants have
3  used that information to divert Fidelity business, including what clients Buri has
4  solicited, what he said to them, how many times he solicited them, and who at Morgan
5  Stanley is acting in concert or participation with him.  Fidelity proposes serving only a
6  limited amount of document requests on the Defendants and taking Buri's deposition
7  and that of any Morgan Stanley employee who contacted Fidelity customers on his
8  behalf.   Each proposed request is narrowly tailored to determine what Fidelity
9  information the Defendants possess, how it has been used, and the extent of their
10  contact, solicitation and inducement of Fidelity customers to transfer their business to
11  Buri at Morgan Stanley.

12  ## II.     LEGAL ARGUMENT

13          Expedited discovery is appropriate here because good cause exists for the
14  requested discovery in aid of Fidelity's request for a preliminary injunction. In addition,
15  the requested discovery is narrowly tailored to seek only evidence directly relevant to
16  Fidelity's request for a temporary restraining order and preliminary injunction.

17          **A.     Fidelity's Request for Expedited Discovery Should be Granted**
18                  **Because it is Necessary to Support Fidelity's Request for a**
19                  **Preliminary Injunction.**

20          District courts have broad discretion in managing discovery. *UMG Recordings,*
21  *INC. v. Doe*, 2008 WL 2949427 (N.D. Cal. July 30, 2008). Before a party may obtain
22  leave to conduct discovery prior to completing a Rule 26(f) conference, the moving
23  party must demonstrate that there is good cause for such an order. *See, e.g., In re*
24  *Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008).
25  Good cause exists "where the need for expedited discovery, in consideration of the
26  administration of justice, outweighs the prejudice to the responding party." *Id.* Not
27  surprisingly, the good cause standard "may be satisfied where a party seeks a

28

preliminary injunction." *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063 (C.D. Cal. 2009) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2013)). "[T]he very purpose of a preliminary injunction . . . is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). Specifically, where a party seeks expedited discovery to prepare for a preliminary injunction, "it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances . . . ." *Id.* at 1067.

In determining whether to grant expedited discovery, courts look at various factors, including but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quoting *Disability Rights Council of Greater Wash. V. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)). Expedited discovery is particularly appropriate where a preliminary injunction is sought to enforce post-employment obligations. *See, e.g.*, *Roadrunner Intermodal Servs, LLC v. T.G.S. Transp., Inc.*, 2017 WL 3783017 (C.D. Cal. Aug. 31, 2017) (granting expedited discovery in dispute over post-employment duties).

Good cause exists here to permit the limited expedited discovery Fidelity seeks because: (1) it is being sought in aid of a preliminary injunction hearing; (2) it is limited and reasonable in scope and therefore not unduly burdensome to any party; (3) Fidelity seeks expedited discovery only to determine the extent and precise nature of Defendants possession, use and disclosure of Fidelity's trade secrets to solicit Fidelity's customers; (4) the request is made no earlier than necessary for use at the upcoming hearing; and (5) it will enhance the efficiency of the preliminary injunction hearing by allowing the

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

1    parties to prepare a streamlined presentation of evidence.

2        Buri overtly solicited clients using his knowledge of trade secret information to

3    solicit those clients, and is likely to continue to solicit Fidelity clients, all of which are

4    causing Fidelity irreparable injury. Importantly, Fidelity customers expect that their

5    confidential information, such as their contact information, net worth, risk tolerance,

6    and investment goals, will be protected and not misused by departing employees.

7    Courts in California routinely enjoin employees from using the type of trade secret

8    customer information that Fidelity is seeking to protect. *See, e.g.*, *Fidelity Brokerage*

9    *Servs. LLC v. Nordstrom*, No. 17-0594 (Dkt. 26 at *2) (E.D. Cal. Mar. 30. 2017)

10   (granting Fidelity's Motion for TRO and finding "Fidelity will suffer irreparable harm

11   if Defendants are permitted to continue to misappropriate Fidelity's trade secret

12   customer information and use that information to continue to solicit Fidelity's

13   customers"); *Fidelity Brokerage Servs. v. McNamara*, 2011 WL 2117546 (S.D. Cal.

14   May 27, 2011); *Bank of Am., N.A. v. Immel*, No. C 10-02483 CRB, 2010 WL 2380877,

15   at *3 (N.D. Cal. June 11, 2010) ("This Court concludes that Plaintiff has shown a

16   significant threat of irreparable harm if their client information is not returned. If

17   Defendants' conduct continues, Plaintiff will suffer harm to its reputation if it is

18   perceived to have violated or allowed the violation of its clients' confidential contact

19   information."). Furthermore, Fidelity seeks expedited discovery to develop a full record

20   of the nature and extent of the misappropriation, misuse and breaches that are present

21   in this case. This record will enable the Court to fashion an equitable remedy that

22   matches the unlawful conduct so that further irreparable harm may be prevented.

23       Without expedited discovery, Fidelity will be unable to determine the full scope

24   and nature of injunctive relief necessary to protect its contractual and trade secret rights.

25   The need for expedited discovery also outweighs any possible prejudice to Buri or

26   Morgan Stanley because the requested discovery is narrowly tailored to the issues to be

27   decided during consideration of Fidelity's motion for temporary restraining order and

28

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

FPDOCS 34834603.3

preliminary injunction. This discovery will aid the parties in their presentation of the facts and issues at the injunction hearing, and will conserve judicial resources by allowing the parties an opportunity to narrow the disputed facts and issues in advance of the hearing.

**B.** **Fidelity Seeks Only to Serve A Limited Amount of Document Requests Directed to Defendants and to Take A Limited Number of Depositions.**

Fidelity seeks two forms of expedited discovery: (1) a limited number of document requests directed to the Defendants, and (2) the deposition(s) of Defendant Buri and any Morgan Stanley employee(s) who contacted and solicited Fidelity customers on his behalf or in concert with him. These requests are reasonable and necessary to obtain information solely in Buri's or Morgan Stanley's possession necessary to aid Fidelity in establishing its entitlement to a preliminary injunction. The requests only seek documents relating to Fidelity clients, communications with them, and the disclosure of Fidelity's trade secret and confidential customer information.

## III.   CONCLUSION AND REQUEST FOR RELIEF

Fidelity respectfully requests that the Court grant its motion seeking leave to conduct expedited discovery on the terms proposed herein, consistent with California law. A proposed form of order is attached hereto as Exhibit "A."

Dated: December 19, 2018          Respectfully submitted,

FISHER & PHILLIPS LLP

By:   */s/ Sarina Saluja*
SARINA SALUJA
Attorneys for Plaintiff
Plaintiff Fidelity Brokerage Services LLC

7

FPDOCS 34834603.3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2018, I served a true and correct copy of the foregoing document upon counsel for Defendants via United States Mail and electronic mail.

Harold A. (Drew) Bridges

drew@bridges-law.com

Bridges & Bridges

318 Avenue I, #606

Redondo Beach, California 90277

Dated: December 19, 2018

/s/ Sarina Saluja
Sarina Saluja (SBN 253781)

8

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

FPDOCS 34834603.3